8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Panthong PRASEUTH, Plaintiff-Appellant,
v.
Jesse WELCH, Defendant-Appellee.
 No. 93-35305.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Panthong Praseuth appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action as frivolous, pursuant to 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Damage to reputation, standing alone, cannot state a claim for relief under § 1983. Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986) (citing Paul v. Davis, 424 U.S. 693, 711-712 (1976)).
 
 
 4
 Here, Praseuth filed an incomprehensible complaint alluding to "sedition and seditious libel" on the part of defendants. In its order of dismissal, the district court stated: "Plaintiff under the heading of sedition and seditious libel sets forth a page and one-half of 'contentions' somehow involving the Director of Admissions at Portland State University and certain court personnel in Washington County. The contentions read in the light most favorable to the plaintiff do not set forth any recognizable claim." The district court's dismissal was proper because Praseuth's complaint lacks an arguable basis in law and fact. See Neitzke, 490 U.S. at 325; Johnson, 799 F.2d at 1399.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by 9th Cir.R. 36-3